## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Case No. _____ |
| Plaintiff, | ) ) ) JURY TRIAL DEMANDED |
| v. | ) ) ) CLASS ACTION |
| WASHINGTONFIRST BANKSHARES, INC., SHAZA L. ANDERSEN, CHARLES ELLIOTT ANDREWS, JOSEPH S. BRACEWELL, JOSEPHINE S. COOPER, STEPHEN M. CUMBIE, JOHN H. DALTON, RICHARD D. HORN, JUAN A. MENCIA, OBIORA MENKITI, CAREN D. MERRICK, LARRY D. MEYERS, MARK C. MICHAEL, MADHU K. MOHAN, KEN MORRISSETTE, JAMES P. MULDOON, WILLIAM C. OLDAKER, JON M. PETERSON, RANDALL S. PEYTON, JOE R. REEDER, WILLIAM G. REILLY, GAIL R. STECKLER, JOHNNIE E. WILSON, SANDY SPRING BANCORP, INC., and TOUCHDOWN ACQUISITION, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on May 16, 2017 (the "Proposed Transaction"), pursuant to which WashingtonFirst Bankshares, Inc. ("WashingtonFirst" or the "Company") will be acquired by Sandy Spring Bancorp, Inc. ("Parent") through its wholly-owned subsidiary, Touchdown Acquisition, Inc. ("Merger Sub," and together

with Parent, "Sandy Spring").

2. On May 15, 2017, WashingtonFirst's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Sandy Spring. Pursuant to the terms of the Merger Agreement, stockholders of WashingtonFirst will receive 0.8713 shares of Sandy Spring common stock for each share owned of WashingtonFirst common stock.

3. On July 20, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of WashingtonFirst common stock.

9. Defendant WashingtonFirst is a Virginia corporation and maintains its principal executive offices at 11921 Freedom Drive, Suite 250, Reston, Virginia 20190. The Company is the bank holding company for WashingtonFirst Bank. WashingtonFirst's common stock is traded on the NasdaqCM under the ticker symbol "WFBI."

10. Defendant Shaza L. Andersen ("Andersen") is a director, President, and Chief Executive Officer ("CEO") of WashingtonFirst.

11. Defendant Charles Elliott Andrews ("Andrews") has served as a director of WashingtonFirst since 2012.

12. Defendant Joseph S. Bracewell ("Bracewell") is a director and Chairman of the Board of WashingtonFirst.

13. Defendant Josephine S. Cooper ("Cooper") has served as a director of WashingtonFirst since 2009.

14. Defendant Stephen M. Cumbie ("Cumbie") is a director of WashingtonFirst.

15. Defendant John H. Dalton ("Dalton") has served as a director of WashingtonFirst since 2009.

16. Defendant Richard D. Horn ("Horn") has served as a director of WashingtonFirst since 2009.

17. Defendant Juan A. Mencia ("Mencia") has served as a director of WashingtonFirst since 2009.

18. Defendant Obiora Menkiti ("Menkiti") is a director of WashingtonFirst.

19. Defendant Caren D. Merrick ("Merrick") is a director of WashingtonFirst.

20. Defendant Larry D. Meyers ("Meyers") has served as a director of WashingtonFirst since 2009.

21. Defendant Mark C. Michael ("Michael") has served as a director of WashingtonFirst since 2009.

22. Defendant Madhu K. Mohan ("Mohan") has served as a director of WashingtonFirst since 2009.

23. Defendant Ken Morrissette ("Morrissette") has served as a director of WashingtonFirst since 2010.

24. Defendant James P. Muldoon ("Muldoon") has served as a director of WashingtonFirst since 2009.

25. Defendant William C. Oldaker ("Oldaker") has served as a director of WashingtonFirst since 2009.

26. Defendant Jon M. Peterson ("Peterson") has served as a director of WashingtonFirst since 2013.

27. Defendant Randall S. Peyton ("Peyton") has served as a director of WashingtonFirst since 2009.

28. Defendant Joe R. Reeder ("Reeder") has served as a director of WashingtonFirst since 2009.

29. Defendant William G. Reilly ("Reilly") has served as a director of WashingtonFirst since 2009.

30. Defendant Gail R. Steckler ("Steckler") has served as a director of WashingtonFirst since 2009.

31. Defendant Johnnie E. Wilson ("Wilson") has served as a director of WashingtonFirst since 2009.

32. The defendants identified in paragraphs 10 through 31 are collectively referred to herein as the "Individual Defendants."

33. Defendant Parent is a Maryland corporation with its principal executive offices located at 17801 Georgia Avenue, Olney, Maryland 20832.

34. Defendant Merger Sub is a wholly-owned subsidiary of Parent and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of WashingtonFirst (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

36. This action is properly maintainable as a class action.

37. The Class is so numerous that joinder of all members is impracticable. As of May 10, 2017, there were approximately 12,238,573 shares of WashingtonFirst common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

38. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

39. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

40. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

41. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company*

42. WashingtonFirst is the parent company of the WashingtonFirst Bank, a $2 billion dollar bank headquartered in Reston, Virginia.

43. With nineteen offices in the greater Washington, D.C. metropolitan area, WashingtonFirst Bank is a community oriented bank that provides financial services to local businesses and consumers.

44. In addition, the Company provides wealth management services through its subsidiary, 1st Portfolio Wealth Advisors, and mortgage banking services through WashingtonFirst Bank's subsidiary, WashingtonFirst Mortgage Corporation.

### *The Registration Statement Omits Material Information, Rendering It False and Misleading*

45. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

46. The Registration Statement omits material information with respect to the Proposed

6

Transaction, which renders the Registration Statement false and misleading.

47. First, the Registration Statement omits material information regarding WashingtonFirst's financial projections, Sandy Spring's financial projections, and the financial analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW").

48. With respect to WashingtonFirst's projections, while the Registration Statement discloses estimated earnings per share ("EPS") and tangible book value per share for years 2017 through 2021, the Registration Statement fails to disclose any other projection line items for the Company, including, *inter alia*: net income; assets; dividends; loans; total deposits; total equity; return on average assets; return on average equity; and cash flow and its constituent line items. The Registration Statement further fails to disclose the estimated EPS for WashingtonFirst for years 2019 through 2023 as used in KBW's *Relative Contribution Analysis* and *WashingtonFirst Discounted Cash Flow Analysis*.

49. With respect to Sandy Spring's projections, while the Registration Statement discloses estimated EPS and tangible book value per share for years 2017 through 2021, the Registration Statement fails to disclose any other projection line items for Sandy Spring, including, *inter alia*: net income; assets; dividends; loans; total deposits; total equity; return on average assets; return on average equity; and cash flow and its constituent line items.

50. With respect to KBW's *WashingtonFirst Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the financial forecasts and projections relating to the net income and assets of WashingtonFirst as provided by WashingtonFirst management; (ii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%; (iii) the estimated excess cash flows for WashingtonFirst and the constituent line items; and (iv) WashingtonFirst's implied terminal value.

51. With respect to KBW's *Forecasted Pro Forma Financial Impact Analysis*, the Registration Statement fails to disclose: (i) the closing balance sheet estimates as of December 31, 2017 for Sandy Spring and WashingtonFirst; (ii) the consensus street estimates of Sandy Spring for 2017 and 2018 and the assumed long-term growth rates for Sandy Spring as provided by Sandy Spring management; (iii) the consensus street estimates of WashingtonFirst for 2017, 2018, and 2019 as discussed with KBW by Sandy Spring management; and (iv) the pro forma assumptions provided by Sandy Spring management.

52. With respect to KBW's *Relative Contribution Analysis*, the Registration Statement fails to disclose: (i) the balance sheet and net income data for Sandy Spring and WashingtonFirst as of/for the twelve month period ended March 31, 2017; (ii) the 2017 and 2018 net income estimates for Sandy Spring; (iii) the financial forecasts and projections relating to the net income of WashingtonFirst as provided by WashingtonFirst management; and (iv) the market price data as of May 12, 2017.

53. With respect to KBW's *WashingtonFirst Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

54. With respect to KBW's *Sandy Spring Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

55. With respect to KBW's *Selected Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by KBW in the analysis.

56. The disclosure of projected financial information is material because it provides

stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

57. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Transactions"; (ii) "WashingtonFirst's Reasons for the Transactions; Recommendation of WashingtonFirst Board"; (iii) "Opinion of WashingtonFirst's Financial Advisor"; and (iv) "Certain Unaudited Prospective Financial Information."

58. Second, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

59. Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of WashingtonFirst's officers and directors, including who participated in all such communications.

60. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

61. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i)

"Background of the Transactions"; (ii) "WashingtonFirst's Reasons for the Transactions; Recommendation of WashingtonFirst Board"; and (iii) "Interests of Certain WashingtonFirst Directors and Executive Officers in the Transactions."

62. Third, the Registration Statement omits material information regarding potential conflicts of interest of KBW.

63. Specifically, the Registration Statement fails to disclose the amount of compensation KBW received for the past services it provided to WashingtonFirst and its affiliates.

64. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

65. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Transactions"; (ii) "WashingtonFirst's Reasons for the Transactions; Recommendation of WashingtonFirst Board"; and (iii) "Opinion of WashingtonFirst's Financial Advisor."

66. Fourth, the Registration Statement fails to disclose whether any non-disclosure agreements executed by WashingtonFirst and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

67. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

68. The omission of this material information renders the Registration Statement false

10

and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Transactions"; and (ii) "WashingtonFirst's Reasons for the Transactions; Recommendation of WashingtonFirst Board."

69. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to WashingtonFirst's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and WashingtonFirst

70. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. WashingtonFirst is liable as the issuer of these statements.

72. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

73. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

74. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration

Statement and in other information reasonably available to stockholders.

75. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

76. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

77. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Sandy Spring

78. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

79. The Individual Defendants and Sandy Spring acted as controlling persons of WashingtonFirst within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of WashingtonFirst and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

80. Each of the Individual Defendants and Sandy Spring was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

81. In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

82. Sandy Spring also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

83. By virtue of the foregoing, the Individual Defendants and Sandy Spring violated Section 20(a) of the 1934 Act.

84. As set forth above, the Individual Defendants and Sandy Spring had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that

does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 1, 2017

           /s/ Elizabeth K. Tripodi
ELIZABETH K. TRIPODI (VSB #73483)
LEVI & KORSINSKY, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
Email: etripodi@zlk.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800